KEREN E. GESUND, ESQ.
Nevada Bar No. 10881
**GESUND & PAILET, LLC**
5550 Painted Mirage Rd.
Suite 320
Las Vegas, NV 89149
Tel: (702) 300-1180
Fax: (504) 265-9492
keren@gp-nola.com
*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MARC F. LEPREVOST, on behalf of himself and those similarly situated; | Case No.: |
| Plaintiff, | |
| vs. | **CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT** |
| LEACH JOHNSON SONG & GRUCHOW, LTD., A Nevada limited liability company | **JURY DEMANDED** |
| Defendant. | |

## COMPLAINT

Plaintiff, MARC F. LEPREVOST, (hereinafter referred to as "PLAINTIFF"), on behalf of himself and all those similarly situated, by and through undersigned counsel, alleges upon knowledge as to himself and his own acts, and upon information and belief as to all other matters, and brings this complaint against Defendant, LEACH JOHNSON SONG & GRUCHOW (hereinafter referred to as "DEFENDANT") and in support thereof alleges the following:

## PRELIMINARY STATEMENT

1.      PLAINTIFF brings this action for statutory damages arising from DEFENDANT's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

- 1 -

**JURISDICTION AND VENUE**

2.     The Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d).

3.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this judicial district.

**PARTIES**

4.     PLAINTIFF is a natural person residing in Henderson, Nevada.

5.     PLAINTIFF is a "consumer" as defined in the FDCPA at 15 U.S.C. § 1692a(3).

6.     PLAINTIFF allegedly owes a (past due) consumer "debt" as defined by 15 U.S.C. § 1692a(5).

7.     DEFENDANT is a domestic limited liability company, which regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another and is, thus, a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**STATEMENT OF FACTS**

8.     PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 7 inclusive, above.

9.     On or about December 6, 2017, DEFENDANT sent, or caused to be sent, the collection letter, attached hereto as Exhibit 1, to collect on an allegedly delinquent homeowner's assessment lien.

10.     The third paragraph of Exhibit 1 states:

The creditor in this case is the Association and it is the Association to whom the foregoing debt is owed. Please contact John E. Leach, Esq. of the law firm of Leach Johnson Song & Gruchow at (702) 538-9074 for any questions regarding the payoff amount necessary to reinstate your membership account. *You may dispute the validity of this notice/delinquency within thirty (30) days of your receipt of this letter. If you do not dispute the delinquency within said thirty (30) day period, then the debt will be assumed valid by the creditor. If you notify the Association, c/o Leach Johnson Song & Gruchow, Attn: John E. Leach, Esq., within thirty (30) days of your receipt of this notice, the*

*Association will obtain any additional necessary verification of the delinquency and a copy of that verification will be mailed to you by the Association.* (emphasis added).

11.  Around the same time, DEFENDANT called PLAINTIFF's mother and discussed the delinquent assessment with her.

12.  DEFENDANT's failure to provide the notice required under 15 U.S.C. § 1692g(a) and its disclosure of PLAINTIFF'S alleged debt to PLAINTIFF'S mother, violate the FDCPA as set forth below.

## CLASS ACTION ALLEGATIONS

13.  PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 12 inclusive, above.

14.  PLAINTIFF brings this claim individually and on behalf of all others similarly situated.  PLAINTIFF's proposed class is defined under Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 23(b)(3), and PLAINTIFF proposes to act as representative of the following class:

    a.  Class Number One: A Nevada class consisting of consumers who:

        i.  Within one year prior to the filing of this action;

        ii.  Were sent a collection letter from DEFENDANT in substantially the same form as Exhibit 1;

        iii.  Where such letter was not returned as undeliverable.

15.  PLAINTIFF does not know the exact size or identities of the class, as DEFENDANT maintains exclusive control of such information. PLAINTIFF believes that the class includes between 10,000 and 50,000 individuals whose identities can be readily determined from DEFENDANT's business records. Therefore, the proposed class is so numerous that joinder of all members is impracticable.

16.  All class members have been affected by the same conduct. The common questions of law and fact predominate over any questions affecting only individual members of

the class. These questions include, but are not limited to:

    a.  Whether DEFENDANT's actions violate 15 U.S.C. §§ 1692g(a) and e(10);

    b.  The identities of individuals who were sent a similar letter from DEFENDANT which violated the above subsections; and

    c.  The total number of consumers who were sent a similar letter from DEFENDANT which violated the above subsections.

17.    PLAINTIFF's claims are typical of the claims of the class and do not conflict with the interests of any other class members. PLAINTIFF and the members of the class were uniformly subjected to the same conduct.

18.    PLAINTIFF will fairly and adequately represent the class members' interests and has retained counsel who are qualified to pursue this litigation. PLAINTIFF's counsel's firm, GESUND & PAILET, LLC, focuses on prosecuting FDCPA lawsuits. PLAINTIFF's counsel, Keren E. Gesund, also has extensive experience in prosecuting FDCPA class actions.

19.    PLAINTIFF is committed to vigorously pursuing his claims.

20.    A class action is superior for the fair and efficient adjudication of the class members' claims as Congress specifically envisioned class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. § 1692k. The members of the class are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would also create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards and would not be in the best interest of judicial economy.

21.    A class action regarding the issues in this case does not create any problems of manageability.

22.    If facts are discovered to be appropriate, PLAINTIFF will seek to certify the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## FIRST CLAIM FOR RELIEF

**VIOLATIONS OF THE FDCPA 15 U.S.C. §§ 1692g(a) and e(10)**
**BROUGHT BY PLAINTIFF INDIVIDUALLY**
**AND ON BEHALF OF THE CLASS**

23.    PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 22 inclusive, above.

24.    The FDCPA requires a debt collector to send the consumer a written notice advising the client of the following:

> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

25.    On or about December 6, 2017, DEFENDANT sent, or caused to be sent, the collection letter attached hereto as Exhibit 1, to collect on an allegedly delinquent homeowner's assessment lien.

26.    The third paragraph of Exhibit 1 states:

The creditor in this case is the Association and it is the Association to whom the foregoing debt is owed. Please contact John E. Leach, Esq. of the law firm of Leach Johnson Song & Gruchow at (702) 538-9074 for any questions regarding the payoff amount necessary to

reinstate your membership account. You may dispute the validity of this notice/delinquency within thirty (30) days of your receipt of this letter. If you do not dispute the delinquency within said thirty (30) day period, then the debt will be assumed valid by the creditor. If you notify the Association, c/o Leach Johnson Song & Gruchow, Attn: John E. Leach, Esq., within thirty (30) days of your receipt of this notice, the Association will obtain any additional necessary verification of the delinquency and a copy of that verification will be mailed to you by the Association.

27.     This paragraph fails to comply with 15 U.S.C. § 1692g(a) as follows:

28.     First, it misrepresents that if the consumer does not dispute the delinquency within 30 days from receipt of the letter, "then the debt will be assumed valid by the *creditor*". (emphasis added). Under the FDCPA, a debt can only be assumed to be valid by the *debt collector*. 15 U.S.C. § 1692g(a)(3). *See e.g. Carbonell v. Winstein Pinson & Riley, P.S.*, 2014 U.S. Dist. LEXIS 78250, at * 11-12 (S.D. Fla. May 30, 2014) (holding that omitting the phrase "by the debt collector", was a misstatement of law that "would likely lead the least sophisticated consumer to believe that" an entity other than the debt collector "will assume the debt to be valid.").

29.     Second DEFENDANT fails to notify the consumer that to obtain verification of a debt, a consumer must notify "the debt collector *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed." 15 U.S.C. § 1692g(a)(4). (emphasis added). *See Hernandez vs. Guglielmo*, 977 F. Supp. 2d 1054 (D. Nev. 2013).

30.     In *Hernandez*, this Court held that while § 1692g(a)(4) and (5) do not expressly prevent the debt collector from providing verification upon oral notification of the dispute, the debt collector must provide it upon written notification. "Thus, by omitting the words, 'in writing' or 'written request' the debt collector does not effectively convey to the consumer his rights under the FDCPA." *Id.* at 1057.

31.     Finally, Exhibit 1 fails to notify the consumer that "upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name

and address of the original creditor, if different from the current creditor." 15 U.S.C. §1692g(a)(5).

32.    PLAINTIFF has been deprived of his legally protected right to receive disclosures required pursuant to 15 U.S.C. § 1692g(a), and therefore has standing for the purposes of Article III.

33.    It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim, on behalf of himself and those similarly situated, and is entitled to recover reasonable attorneys' fees therefor.

<u>**SECOND CLAIM FOR RELIEF**</u>

**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692c(b)**
**BROUGHT BY PLAINTIFF INDIVIDUALLY**

34.    PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 33 inclusive, above.

35.    "[A] debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." 15 U.S.C. §1692c(b).

36.    On or about December of 2017, DEFENDANT, through a representative, contacted PLAINTIFF'S mother and discussed the alleged debt with her.

37.    PLAINTIFF has been deprived of his legally protected right to privacy, and therefore has standing for the purposes of Article III.

38.    It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim, on behalf of himself and those similarly situated, and is entitled to recover reasonable attorneys' fees therefor.

**DEMAND FOR JURY TRIAL**

39. Please take notice that PLAINTIFF demands trial by jury in this action.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF respectfully prays that this Court grant the following relief in PLAINTIFF's favor, and on behalf of the class, and that judgment be entered against DEFENDANT for the following:

(1)     For statutory damages awarded to PLAINTIFF, not to exceed $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(2)     For statutory damages awarded to the Class Members, pursuant to 15 U.S.C. § 1692k(a)(2)(B), of the amount not to exceed the lesser of $500,000 or 1 per centum (1%) of the net worth of the DEFENDANT;

(3)     For reasonable attorneys' fees for all services performed by counsel in connection with the prosecution of these claims;

(4)     For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

(5)     For any and all other relief this Court may deem appropriate.

DATED this 12th day of January 2018.

*/s/ Keren E. Gesund, Esq.*
KEREN E. GESUND, ESQ.
Nevada Bar No. 10881
**GESUND & PAILET, LLC**
5550 Painted Mirage Rd.
Suite 320
Las Vegas, NV 89149
Tel: (702) 300-1180
Fax: (504) 265-9492
keren@gp-nola.com
*Attorney for Plaintiff*

- 8 -